RECEIVED
SEP 1 8 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

DAN AVERETTE

6:07-CV-1557    LO

VERSUS

TRANSOCEAN DRILLING (U.S.A), INC.;
TRANSOCEAN OFFSHORE INC.;
TRANSOCEAN OFFSHORE (TEXAS), INC.;
TRANSOCEAN OFFSHORE USA INC.;
TRANSOCEAN OFFSHORE VENTURES, INC.;and
TRANSOCEAN SEDCO FOREX, INC;

*************************************************************************

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Complainant, **DAN AVERETTE**, a person of the full age of majority, a citizen of and resident of the United States, State of Louisiana, Parish of Louisiana, who for his Complaint, respectfully represents:

1.

Complainant brings this suit under General Maritime Law, and under Maritime and Admiralty Jurisdiction, Title 28 U.S.C. § 1333.

2.

Made defendants herein are:

    A.    **TRANSOCEAN DRILLING (U.S.A.) INC.**, a foreign corporation domiciled in the State of Texas, authorized to do and doing business in the State of Louisiana, whose principal place of business is 450 Gears Road, Suite 210, Houston, TX 77067, and whose registered agent for service of process is Transocean Drilling (U.S.A.) Inc., 4 Greenway Plaza, Houston, Texas 77046 (hereinafter referred to as "TRANSOCEAN");

B. **TRANSOCEAN OFFSHORE INC.**, a foreign corporation domiciled in the State of Delaware, upon information and belief authorized to and doing business in the State of Louisiana, whose principal place of business is 3850 N. Causeway Blvd., Suite 500, Lakeway II, Metairie, LA 70002, and whose registered agent for service of process is CT Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809 (hereinafter referred to as "TRANSOCEAN");

C. **TRANSOCEAN OFFSHORE (TEXAS) INC.**, a foreign corporation domiciled in the State of Delaware, whose principal place of business is in the State of Texas, and whose agent for service of process is unknown to Complainants (hereinafter referred to as "TRANSOCEAN");

D. **TRANSOCEAN OFFSHORE USA, INC.**, a foreign corporation domiciled in the State of Delaware, authorized to do and doing business in the State of Louisiana, whose principal place of business is 926 DeGravelle Road, Amelia, LA 70340, and whose registered agent for service of process is CT Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809 (hereinafter referred to as "TRANSOCEAN");

E. **TRANSOCEAN OFFSHORE VENTURES INC.**, a foreign corporation domiciled in the State of Delaware, authorized to do and doing business in the State of Louisiana, whose principal place of business is 3850 N. Causeway Blvd., Suite 500, Metairie, LA 70002, and whose registered agent for service of process is CT Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809 (hereinafter referred to as "TRANSOCEAN"); and

F. **TRANSOCEAN SEDCO FOREX, INC.** upon information and belief, a foreign corporation authorized to do and/or doing business in the State of Texas, domiciled and/or maintaining a principal place of business is the State of Texas at 4 Greenway Plaza, Houston, Texas, 77046, and whose registered agent for service of process is 4 Greenway Plaza, Houston, Texas, 77046 (hereinafter referred to as "TRANSOCEAN").

3.

On or about July 14, 2007, Complainant, **DAN AVERETTE**, was employed by and actually working for Frank's Casing Crew & Rental Tools, Inc. aboard the drilling vessel, *Transocean Amirante*.

4.

At all times pertinent to this litigation, the drilling vessel, *Transocean Amirante*, was located and situated on the Outer Continental Shelf in the Gulf of Mexico off the coast of Texas, in federal waters at Garden Banks, Block 506, south of Galveston, Texas.

5.

Upon information and belief, the *Transocean Amirante* was situated in the Gulf of Mexico for purposes of conducting and/or completing drilling operations for Energy Resource Technology GOM, Inc. (hereinafter "ERT"), who was the lease holder for whom drilling operations were being conducted.

6.

Upon information and belief, "ERT" contracted with defendant "TRANSOCEAN", to provide a drilling vessel and crew to conduct drilling operations via the *Transocean Amirante.*

7.

Upon information and belief, "TRANSOCEAN" was, in fact, conducting drilling operations and/or completion operations with a drilling crew and vessel crew on July 14, 2007

8.

Upon information and belief, Frank's Casing Crew & Rental Tools, Inc.(hereinafter referred to as "FRANK'S") entered into a contract with "ERT" to provide casing operation services and in connection therewith to provide employees such as Complainant, **DAN AVERETTE**, which services were, in fact, being conducted aboard the *Transocean Amirante* on July 14, 2007.

9.

Upon information and belief on July 14, 2007 the *Transocean Amirante* was owned and operated by "TRANSOCEAN".

10.

Upon information and belief on July 14, 2007, "TRANSOCEAN" had within its possession, custody and control the aforementioned drilling vessel, *Transocean Amirante.*

11.

On or about July 14, 2007, while performing his employment duties aboard the *Transocean Amirante,* Complainant, **DAN AVERETTE**, was injured when the TRANSOCEAN hydraulic

stabbing basket carrying Complainant, **DAN AVERETTE,** suddenly began to shake violently, and throw Complainant around violently, causing Complainant severe and permanently disabling injuries and damages.

12.

The injuries suffered by Complainant, **DAN AVERETTE**, were caused totally, solely and/or concurrently through the negligence and/or fault of "TRANSOCEAN" by its actions and/or its failure to act through its agents, servants and/or employees for whom it is responsible, and/or as a result of the negligence and/or fault of the *Transocean Amirante,* in the following non-exclusive particulars, to-wit:

1. By failing to provide **DAN AVERETTE** with a safe place to work;

2. By using unsafe operating procedures;

3. By failing to exercise reasonable care in the discharge of a duty which it owed to a person in the capacity of **DAN AVERETTE**;

4. In carelessly and negligently causing an inherently dangerous situation to exist in the work environment for which defendant has responsibilities;

5. By failing to provide adequate ingress to the stabbing basket to **DAN AVERETTE**, and thereby creating an unreasonable risk of harm, and thereby culminating in injuries to **DAN AVERETTE**;

6. By failing to do what should have been done, under the given circumstances, so as to discharge a duty to a person in the capacity of **DAN AVERETTE**;

7. By providing inadequate equipment for the job to be performed and, thereby, rendering the operation to be unreasonably dangerous and, thereby, culminating in injuries to **DAN AVERETTE.**; and

8. Negligent operation of the *Transocean Amirante*.

ALL OF THE ABOVE ACTS OF NEGLIGENCE AND/OR FAULT ARE CONTRARY TO THE LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF LOUISIANA, ALL OF WHICH ARE PLEADED HEREIN.

13.

At all times mentioned herein, Complainant, **DAN AVERETTE**, was free from any fault whatsoever in causing or bringing about injuries which he and his family have sustained as a result of the accident forming the subject matter of this litigation.

14.

As a direct result of the aforementioned accident, **DAN AVERETTE** has sustained serious injuries and damages which he outlines in the following non-exclusive particulars, to-wit:

1. Physical pain and suffering, past;
2. Physical pain and suffering, future;
3. Mental pain and suffering, past;
4. Mental pain and suffering, future;
5. Medical expenses, past;
6. Medical expenses, future;
7. Loss of income and/or loss of earning capacity, past;
8. Loss of income and/or loss of earning capacity, future;
9. Loss of enjoyment of life and inconvenience, past;
10. Loss of enjoyment of life and inconvenience, future; and
11. Permanent disability.

Thus, **DAN AVERETTE** desires and is entitled to such damages in an amount reasonable in the premises.

**WHEREFORE,** Complainant, **DAN AVERETTE,** demands judgment against defendants, **TRANSOCEAN DRILLING (U.S.A), INC.; TRANSOCEAN OFFSHORE INC.; TRANSOCEAN OFFSHORE (TEXAS) INC.; TRANSOCEAN OFFSHORE USA, INC.; TRANSOCEAN OFFSHORE VENTURES, INC., and TRANSOCEAN SEDCO FOREX, INC.,** for such damages that are reasonable in the premises, together with legal interest thereon from date of Complainants' injuries and/or filing of this Complaint until paid; and for all costs in these proceedings; all attorney's fees; all expert fees; all other appropriate general, equitable and recoverable relief, and for a trial by jury.

Dan Averette, et ux vs.
Transocean Drilling (U.S.A), Inc., et al
_____/

                                      Respectfully submitted,

                                      **BOB BROUSSARD**
                                      A PROFESSIONAL LAW CORPORATION

                                      BOB BROUSSARD, BAR #1267
                                      201 Rue Iberville, Suite 300
                                      Post Office Drawer 80827
                                      Lafayette, LA  70598-0827
                                      (337) 232-3333
                                      Attorney for Complainant

**PLEASE SERVE:**

**TRANSOCEAN DRILLING (U.S.A.) INC.**
through its registered agent
Transocean Drilling (U.S.A.) Inc.
4 Greenway Plaza
Houston, Texas 77046;

**TRANSOCEAN OFFSHORE INC.**
through its registered agent
CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, Louisiana 70809;

**TRANSOCEAN OFFSHORE USA, INC.**
through its registered agent
CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, Louisiana 70809;

**TRANSOCEAN OFFSHORE VENTURES, INC.**
through its registered agent
CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, Louisiana 70809;

**TRANSOCEAN SEDCO FOREX, INC.**
through its registered agent
Transocean Sedco Forex, Inc..
4 Greenway Plaza
Houston, Texas 77046;


**<u>PLEASE WITHHOLD SERVICE AT THIS TIME TO DEFENDANT TRANSOCEAN OFFSHORE (TEXAS) INC.</u>**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| DAN AVERETTE, et ux | CIVIL ACTION NO: |
| VERSUS | JUDGE: |
| TRANSOCEAN DRILLING (U.S.A), INC.;<br>TRANSOCEAN OFFSHORE INC.;<br>TRANSOCEAN OFFSHORE (TEXAS), INC.;<br>TRANSOCEAN OFFSHORE USA INC.;<br>TRANSOCEAN OFFSHORE VENTURES, INC.;and<br>TRANSOCEAN SEDCO FOREX, INC; | MAGISTRATE JUDGE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**V E R I F I C A T I O N**

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME, the undersigned authority, personally came and appeared **DAN AVERETTE**, who, after first being duly sworn by me, declared that he has read the foregoing "Complaint for Damages" and that the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
DAN AVERETTE

SWORN TO AND SUBSCRIBED before me, Notary Public, this _17_ day of _September_, 2007, at Lafayette, Louisiana.

_____
NOTARY PUBLIC