UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAN AVERETTE** | ***CIVIL ACTION NO. 6:07-1557** |
| **VS.** | ***MAGISTRATE JUDGE HILL** |
| **TRANSOCEAN ENTERPRISES, INC.** | ***BY CONSENT OF THE PARTIES** |

<u>**RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

On July 9, 2010, the Court held oral argument on the Motion for Partial Summary Judgment on the Issue of Liability filed by plaintiff, Dan Averette ("Averette") [rec. doc. 61]. After hearing the arguments of counsel, the Court took the motion under advisement. For the following reasons, the motion is **GRANTED**.

<u>*Background*</u>

On July 14, 2007, Averette was employed as a casing stabber by Frank's Casing Crew working aboard the *Amirante*, a semi-submersible drilling rig owned by Transocean Enterprise, Inc., and operated by Transocean Offshore Deepwater Drilling, Inc. ("Transocean"), in the Gulf of Mexico off the coast of Texas. Transocean also owned the pipe racking system and the casing stabbing basket involved in this lawsuit.

The stabbing basket was controlled by hydraulics which could be controlled either from the basket or from a set of controls located on the drill floor. Either way, the controls were fed hydraulic power by a switch located on the drill floor.

On July 14, 2007, Averette climbed into the stabbing basket to perform his stabbing duties. He yelled down to the Transocean employees on the drill floor to flip the hydraulic

switch to provide power to the stabbing basket controls. When the switch was turned on, the stabbing basket began bucking up and down, allegedly resulting in injuries to Averette.

On September 18, 2007, Averette filed suit against Transocean under general maritime law and under this court's maritime and admiralty jurisdiction. On May 13, 2010, Averette brought the instant Motion for Partial Summary Judgment on the issue of liability. [rec. doc. 61]. Transocean filed opposition on June 2, 2010. [rec. doc. 76]. Averette filed a Reply to Transocean's Opposition to Motion for Summary Judgment on June 3, 2010. [rec. doc. 79].

On June 24, 2010, Averette filed a Supplemental and Amending Statement of Uncontested Material Facts. [rec. doc. 87]. Transocean filed a Response to Plaintiff's Reply on the Issue of a Motion for Summary Judgment by Plaintiff on July 8, 2010. [rec. doc. 91]. Oral argument was held on July 9, 2010, after which I took the motion under advisement. [rec. doc. 92].

## *Summary Judgment Standard*

Fed.R.Civ.P. 56(c)(2) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(e)(2) provides, in pertinent part, as follows:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Only evidence – not argument, not facts alleged in the complaint – will satisfy the burden, and unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence. *Idoux v. Lamar University System*, 37 F.3d 632 (5th Cir. 1995) (*citing Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994).

### *Analysis*

Averette argues that there is no genuine issue of material fact as to Transocean's liability. Specifically, he asserts it is undisputed that the stabbing basket malfunctioned, causing his injuries.

In support of his motion, Averette attached several deposition excerpts. Averette's deposition indicates that after he was inside the basket, he heard a "popping" sound, two times. [rec. doc. 61, Exhibit A, pp. 70-74]. After the second "popping" sound, the basket lifted up and down twice, causing his feet to leave the basket floor. When he came down both times, his face hit something on the basket, causing his injuries. [rec. doc.61, Exhibit A, p. 74].

Transocean's offshore installation manager, Dewey Sanson, testified that the hydraulic system for the racking arm, to which the basket was connected, was old and in disrepair. [rec. doc. 61, Exhibit B, p. 154]. Another Transocean employee, floorhand Jedediah Meredith, confirmed that he saw the basket "jump" up and down violently. [rec. doc. 61, Exhibit C, pp. 7-9]. Meredith further testified that he had seen the basket "jump" up and down on prior occasions.

3

In defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, Transocean argues that prior to the incident, Jared Martin saw Averette place his hand on the lever of the basket before the hydraulics were powered up from the rig floor. [rec. doc. 76, Exhibit B, pp. 83-84]. This, the Court understands Transocean to argue, is evidence of comparative fault on Averette's part.

While Transocean has submitted evidence creating an issue of fact as to Averette's comparative fault, it has failed to introduce competent evidence showing that the basket did not malfunction. In fact, in its Memorandum in Opposition to Plaintiff's Motion for Adverse Presumption or to Establish Liability, Transocean concedes that "the action of the basket in bucking up and down should not have taken place and would not have absent some malfunction of the control system. Again, this is not disputed by Transocean." [rec. doc. 73, p. 3]. Also, in defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment on Issue of Liability, Transocean acknowledges that "those controls did malfunction and that even if plaintiff activated the controls in the basket before his accident, the controls should not have acted in the way that they did."[1] [rec. doc. 76, p. 6].

At oral argument, Transocean argued that it should not be bound by these statements, arguing that admissions in legal briefs cannot be used as affidavits in opposition to summary

---

[1] The Court is not clear on Transocean's position on whether or not the alleged operation of the controls by Averette before the hydraulic lines where powered up could constitute fault on the part of Averette, given what the Court understood to be conflicting statements of counsel at oral argument. It is certainly possible that the Court did not fully understand counsel's argument on the issue of the plaintiff's fault.

4

judgment. However, "[n]ormally, factual assertions in pleadings . . . are considered to be judicial admissions conclusively binding on the party who made them." *White v. Arco/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir. 1983). *See also American Title Insurance Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (same) and *Bakersfield Westar Ambulance, Inc. v. Community First Bank*, 123 F.3d 1243, 1248 (9th Cir. 1997) (same).

Generally, "pleadings" can be defined as legal documents filed in a lawsuit and encompasses a variety of forms. *In re Cash Media Systems, Inc.*, 326 B.R. 655 (S.D. Tex. 2005) (*citing* general definition of the term in *Black's Law Dictionary* (8th ed. 2004) and definition at law.com Law Dictionary). For purposes of summary judgment, the courts have treated representations of counsel in a brief as admissions even though not contained in a more formal pleading or affidavit. *Lacelaw*, 861 F.2d at 226 (*citing United States v. One Heckler-Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir. 1980)); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2723, pp. 64-66 (1983) (admissions in opponent's brief can be used to determine there is no genuine issue of fact, since they are functionally equivalent to "admissions on file").

However, the Second Circuit has concluded that inadvertent statements of fact made by counsel in briefs or memoranda should not be conclusively binding on the client in a summary judgment motion. *Hub Floral Corp. v. Royal Brass Corp.*, 454 F.2d 1226, 1228-29 (2d Cir.1972) (statement made by counsel in a memorandum of law did not rise to the level of a "judicial admission"). The Tenth Circuit has held that briefs are not pleadings or part

5

of the record, and statements in briefs may be considered admissions in the court's discretion. *See Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc.*, 607 F.2d 885, 906 (10th Cir. 1979), *cert. denied*, 444 U.S. 1018, 100 S.Ct. 672, 62 L.Ed.2d 648 (1980); *Lockert v. Faulkner*, 574 F.Supp. 606, 609 n. 3 (N.D. Ind. 1983).

The Fifth Circuit has held that, in its discretion, the court can appropriately treat statements in briefs as binding judicial admissions. *City Nat. Bank v. U.S.*, 907 F.2d 536 (5th Cir. 1990) (*citing Young & Vann Supply Co. v. Gulf, F. & A.R. Co.*, 5 F.2d 421, 423 (5th Cir. 1925) and *Lacelaw, supra*). Under the circumstances of this case, I find that Transocean's statements in its briefs, admitting that the stabbing basket controls malfunctioned, are judicially binding.

A review of Transocean's memoranda makes it clear that the statements acknowledging that the hydraulic control system malfunctioned were repeatedly made in opposition to specific relief sought by plaintiff. Under the circumstances presented in this case, to allow Transocean to, on the one hand, assert that the controls malfunctioned when opposing specific relief sought by the plaintiff, and to then allow Transocean to argue that its argument should be ignored on the issue of liability is clearly inconsistent and, if allowed, clearly unfair to the plaintiff.

Finally, Transocean is legally estopped from taking inconsistent positions in its pleadings. *Leonard v. Vicksburg*, S. & P.R. Co., 198 U.S. 416, 25 S.Ct. 750 (1905) (Louisiana forbids parties from assuming inconsistent positions in judicial proceedings).

6

Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. *Kane v. Nation Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (*citing In re Superior Crewboats, Inc.*, 374 F.3d at 334 (*citing Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)). The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest. *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004). As an equitable doctrine, "[g]enerally, judicial estoppel is invoked where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.' " *Id*. at 334-35 (*quoting Scarano v. Cent. R.R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)).

Here, Transocean admitted in both its Memorandum in Opposition to Plaintiff's Motion for Adverse Presumption or to Establish Liability [rec. doc. 73] and its Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment on Issue of Liability [rec. doc. 76] that the controls to the stabbing basket had malfunctioned. For Transocean to now say that it should not be bound by the statements in its pleadings is "playing fast and loose" with this Court. Accordingly, I find that summary judgment on the issue of liability is warranted.

## *Conclusion*

Based on the foregoing reasons, the motion for partial summary judgment is **GRANTED**. The Court finds that no genuine issue of material fact exists that the controls

7

for the stabbing basket malfunctioned at the time of the accident. At trial, Transocean will be allowed to introduce evidence regarding Averette's comparative fault and, if supported by evidence introduced at trial, argue to the jury that the plaintiff should be assessed with fault.

    THUS DONE AND SIGNED in chambers in Lafayette, Louisiana on July 16, 2010.

*[signature]*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE